**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-5267**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

ANTONIO MARCIAL NAVARETTE,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:10-cr-00139-BR-1)

———————

Submitted: September 15, 2011    Decided: November 1, 2011

———————

Before WILKINSON, KING, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Robert J. McAfee, MCAFEE LAW, P.A., New Bern, North Carolina, for Appellant. George Edward Bell Holding, OFFICE OF THE UNITED STATES ATTORNEY, Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Marcial Navarette pleaded guilty to conspiracy to possess with intent to distribute and distribute methamphetamine, in violation of 21 U.S.C. § 846 (2006); and use of a telephone with the intent to commit a murder for hire, in violation of 18 U.S.C.A. § 1958 (West 2006 & Supp. 2011). The district court sentenced Navarette to a total of 262 months of imprisonment and he now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether Navarette's trial counsel rendered ineffective assistance. Navarette filed a pro se supplemental brief raising additional issues.[*] Finding no error, we affirm.

On appeal, appellate counsel and Navarette question whether Navarette's trial counsel rendered ineffective assistance. To prove a claim of ineffective assistance of counsel, a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. In

---

[*] We have considered the issues raised in Navarette's pro se brief and conclude they lack merit.

2

addition, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Under the second prong of the test in the context of a conviction following a guilty plea, a defendant can show prejudice only by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Moreover, we may address a claim of ineffective assistance on direct appeal only if the lawyer's ineffectiveness conclusively appears on the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). We have thoroughly reviewed the record and conclude that ineffective assistance does not conclusively appear on the record. We therefore decline to address this argument on direct appeal.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Navarette, in writing, of the right to petition the Supreme Court of the United States for further review. If Navarette requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Navarette. We dispense

3

with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED